IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JEREMY LEE WATERS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. CV 00-TMP-0872-E |
| HENNESSY INDUSTRIES, INC., | ) |
| Defendant. | ) |

**ENTERED**

**APR 2 4 2002**

### MEMORANDUM OPINION

This action is before the court on the motion for summary judgment filed by defendant Hennessy Industries Inc. ("Hennessy"), on October 15, 2001, and supported by evidence. In the motion, defendant seeks dismissal of plaintiff's claim based on the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"). After seeking additional time in which to respond, plaintiff Jeremy Waters filed a brief in opposition, supported by exhibits, on February 15, 2002. Defendant did not file any materials in reply. The parties have consented by stipulation to the exercise of jurisdiction pursuant to 28 U.S.C. § 636(c). Accordingly, the court enters this memorandum opinion.

34

## I.  FACTS

Viewing the evidence in the light most favorable to the plaintiff, the following undisputed facts are relevant to the instant action.

Jeremy Waters was employed at Superior Time in Anniston, Alabama, as a tire technician in February of 1998. His duties included changing tires, using a Coats tire-changing machine, which was manufactured by Hennessey. On or about April 6, 1998, Waters was operating the Coats machine when the tire he was changing exploded. The tire hit Waters in the face and injured him.

On April 5, 2000, the plaintiff filed the complaint commencing this action against Hennessey and against Heafner Tire Group, Inc. ("Heafner"). The court entered an order on October 26, 2000, granting a motion filed by plaintiff and dismissing defendant Heafner without prejudice. Waters contends that the tire-changing machine manufactured by Hennessey was defective in that it did not provide proper safety features. He asserts claims under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD") and also states claims of negligence, wantonness, breach of express warranty, and breach of implied warranties. Hennessey's motion addresses only the AEMLD claim.

## II.  SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Celotex, 477 U.S. at 322-23. There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." Id. at 323.

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting Fed. R. Civ. P. 56(e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. Celotex, 477 U.S. at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. "[T]he judge's function is not himself to weigh the

evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. His guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52; see also Bill Johnson's Restaurants, Inc. v. N.L.R.B., 461 U.S. 731, 745 n.11 (1983). However, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249 (citations omitted); accord Spence v. Zimmerman, 873 F.2d 256 (11th Cir. 1989). Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. Anderson, 477 U.S. at 254; Cottle v. Storer Communication, Inc., 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the non-movant is to be believed and all

justifiable inferences are to be drawn in his favor. Anderson, 477 U.S. at 255. The non-movant need not be given the benefit of every inference but only of every reasonable inference. Brown v. City of Clewiston, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

### III.  DISCUSSION

The plaintiff has asserted that the defendant manufacturer is liable for his injuries pursuant to Alabama's judicially-created product liability law, the Alabama Extended Manufacturer's Liability Doctrine. See Casrell v. Altec Industries, Inc., 335 So. 2d 128 (Ala. 1976).[1] The defendant argues that plaintiff's claim must fail because, in the absence of expert testimony, the plaintiff is unable to demonstrate that the product was defective.

In order to survive defendant's motion for summary judgment on the AEMLD claim, plaintiff must offer substantial evidence of each element of a *prima facie* case. Under Alabama's judicially-created products liabilty doctrine, the plaintiff must show: (1) that the product was unreasonably dangerous when it left the defendant's control, (2) that it was substantially unaltered when the plaintiff

---

[1] The AEMLD allows a plaintiff to recover from a manufacturer, supplier, or seller of a defective product. Casrell, 335 So. 2d at 132; see also Atkins v. American Motors Corp., 335 So. 2d 134 (Ala. 1976).

6

used it, and (3) that it proximately caused the plaintiff's injuries. Caudle v. Patridge, 566 So. 2d 244, 247 (Ala. 1990). Under Alabama law, the doctrine of *res ipsa loquitur* is not applicable in product liability cases and courts have held that proof of an accident itself is not proof that the product is defective. See, e.g., Brooks v. Colonial Chevrolet-Buick, Inc., 579 So. 2d 1328, 1331-33 (Ala. 1991).

In 1991, Alabama extended the burden of proof required to show that the product at issue is "defective" and that a safer, practical alternative design was available to the manufacturer at the time the product was manufactured. Beech v. Outboard Marine Corp., 584 So. 2d 447, 450 (Ala. 1991). A product is deemed "defective" under the AEMLD when it is "unreasonably dangerous," that is, not fit for its intended purpose. Goree v. Winnebago Industries, Inc., 958 F.2d 1537, 1541 (11th Cir. 1992) quoting Casrell, 335 So. 2d at 133.

While expert testimony is not always required in order for a plaintiff to prove that the product at issue is defective, Alabama courts have noted that the testimony of an expert, which allows a lay jury to infer that a product was defective, is "usually essential" to an AEMLD case. See Verchot v. General Motors Corp., ___ So. 2d ___, 2001 WL 564296 (Ala. 2001); Brooks, 579 So. 2d at

7

1332. This is especially true in cases where the product alleged to be defective is complex or highly technical. <u>Brooks</u>, 579 So. 2d at 1332.

Waters alleges that the Coats tire-changing machine at issue was defectively designed in that it: (1) was designed with a rotary table supporting the tire which served as a "launching pad" upon the explosion of a tire; (2) that the clamping device had no significant restraint mechanism to prevent the projection of an exploding tire and wheel; (3) the operator was forced to work in a position that placed him within the trajectory of an exploding tire; (4) the rotary table obscures the operator's view of the tire underbead, preventing him from determining whether the bead has seated; and (5) the air pressure gauge on the machine does not register the air pressure during inflation. In addition, Waters alleges that safer alternative designs were available to and known to Hennessey when it manufactured the subject machine. (Plaintiff's Expert Report).

Although plaintiff had not offered any expert testimony to prove the element of defect at the time the motion for summary judgment was filed, plaintiff has since offered the expert report of Alan Milner, an engineer familiar with the design of the tire-changing machine at issue. He has identified the alleged defect,

and has asserted that a practical, safer, alternative design was available to the defendant. Accordingly, the plaintiff has demonstrated that there is a genuine issue of material fact as to whether the tire-changing machine was defective. The issue of "whether a product is unreasonably dangerous is ordinarily a question for the trier of fact." <u>Kirk v. Garrett Ford Tractor, Inc.</u>, 650 So. 2d 865, 867 (Ala. 1994). Consequently, the motion for summary judgment is without merit and is due to be denied.

### IV. CONCLUSION

Based on the foregoing facts and legal conclusions, defendant has failed to demonstrate the absence of any genuine issue of material fact as to plaintiff's AEMLD claim. Accordingly, this court determines that defendant's motion for summary judgment (court document #18) against plaintiff is due to be denied.

A separate order will be entered herewith denying defendant's motion for summary judgment.

DATED the 24th day of April, 2002.

T. MICHAEL PUTNAM
CHIEF MAGISTRATE JUDGE